﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/19 Archive Date: 11/29/19

DOCKET NO. 190520-6076
DATE: November 29, 2019

REMAND

Entitlement to service connection for sleep apnea, to include as secondary to service-connected PTSD, is remanded. 

REASONS FOR REMAND

The Veteran served on active duty from April 2009 to July 2013. 

Service connection for sleep apnea was previously denied in a June 2018 rating decision because the evidence did not demonstrate it was aggravated by service. The Veteran did not further appeal that decision, the denial became final.

In April 2019, the Veteran submitted a claim for reconsideration of service connection for sleep apnea. In a May 2019 rating decision, the Agency of Original Jurisdiction (AOJ) denied the claim. In May 2019, the Veteran submitted a VA Form 10182, Notice of Disagreement and elected Direct Review.

Under the AMA, VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 C.F.R. § 3.156 (d) (2019). In the May 2019 rating decision, the AOJ decided the claim on the merits. The Board finds that the AOJ implicitly found new and relevant evidence was submitted sufficient to warrant readjudicating the claim; the claim would not have been decided on the merits had new and relevant evidence not been received. The Board is bound by these favorable findings.

Entitlement to service connection for sleep apnea, to include as secondary to service-connected PTSD, is remanded.

The Board finds that the AOJ committed a pre-decisional error in that it did not provide the Veteran with an adequate VA examination. 38 C.F.R. § 20.802 (a).

The June 2018 VA opinion is inadequate for several reasons. The examiner did not address direct service connection and considered the incorrect standard for aggravation. The opinion request phrased the aggravation standard as “permanently aggravated;” the appropriate standard is any increase in disability. 

In a February 2018 statement, the Veteran reported loud snoring, choking and gasping for air while sleeping, and tiredness during his deployment to Afghanistan. The examiner did not consider the Veteran’s statements or other evidence indicating a possible in-service sleep disorder. 

The matter is REMANDED for the following action:

Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of his diagnosed obstructive sleep apnea. Based on the examination and review of the record, the examiner must answer the following:

(a) Is it at least as likely as not that the Veteran’s sleep apnea had its onset in or was otherwise related to service, to include his reported loud snoring, choking and gasping for air while sleeping, and tiredness during his deployment to Afghanistan?

(b). If the answer to (a) is no, is it at least as likely as not that the sleep apnea is (i) caused or (ii) aggravated by the service-connected PTSD? For this opinion, aggravation is defined as any increase in disability. 

A complete rationale must be provided for all opinions. If the examiner cannot provide an opinion without resort to speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge; the examiner’s own expertise, or; whether additional facts are required and note what, if any, additional evidence would permit such an opinion to be made.

 

 

M.E. Larkin

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N. Williams

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.